* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Taylor. The appealing party has shown good ground to reconsider the evidence. The Full Commission hereby finds that summary judgment was improvidently granted, vacates the Deputy Commissioner's Decision and Order, and remands this case for further hearing consistent with this Opinion and Award.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following: *Page 2 
 FINDINGS OF FACT
1. Plaintiffs Steven Feierstein and Lisa Feierstein filed this tort claim action against the North Carolina Department of Environment and Natural Resources on December 18, 2003.
2. Plaintiffs' complaint alleges that on November 3, 1987, Randall Barnette, R. S., Environmental Health Program for Person County, negligently performed a soil evaluation of plaintiffs' real property at Lot 49 in Oak Pointe Subdivision, Hyco Lake, Semora, North Carolina, and gave provisional approval of Lot 49 for a ground absorption sewage treatment septic system.
3. Mr. Barnett's responsibilities as a sanitarian were to analyze Lot 49's topography and landscape and soil characteristics and design and lay out the configuration of the septic system including the location of the proposed septic tank, distribution box and nitrification drain lines as well as locating a repair area should the initial system fail.
4. The provisional approval of Lot 49 by Randall Barnett included the approval of a three-bedroom house with a 1,000-gallon septic tank with a nitrification line of 500 feet by 3 feet and a site map diagram of where the septic tank and line should be located.
5. Plaintiffs allege that in reasonable reliance on Mr. Barnett's evaluation and the issuance of the requisite permits, they purchased Lot 49.
6. On June 19, 2000, plaintiffs applied for an Improvement Permit from the Person County Health Department for Lot 49 for the installation of the septic system on the lot.
7. On July 3, 2000, Janet O. Clayton of the Person County Health Department sent a letter to plaintiffs denying the application for an improvement because of unsuitable soil depth, unsuitable soil mineralogy, unsuitable soils due to soil wetness conditions, and insufficient space available. *Page 3 
8. On December 12, 2000, and February 13, 2001, Fred D. Smith of the Department of Environmental and Natural Resources conducted soil evaluations on plaintiffs' property from which he concluded that the soils in the nitrification field were unsuitable for septic systems.
9. The Full Commission finds that Mr. Barnett, defendant's agent, is not an architect or other individual who planned, designed or constructed a structure on plaintiffs' property. In fact, he made no actual improvement to the property. Moreover, defendants have not shown that a provisional permit constitutes an improvement to property. Thus, the Full Commission finds that the 1987 provisional permit for a ground absorption sewage treatment septic system on plaintiffs' property did not constitute an actual improvement to the property.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Defendant seeks summary judgment in this matter on the grounds that plaintiffs' tort claims are barred by the Statute of Repose, pursuant to N.C. Gen. Stat. § 1-50(5), which provides that "No action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property shall be brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement [including] actions in contract or in tort. . . ." (emphasis added). N.C. Gen. Stat. § 1-50(5). Defendant asserts that because plaintiffs' claim arises from the 1987 provisional permit issued by Mr. Barnett, the claim is barred by the six-year statute of limitations on tort actions arising out of the defective or unsafe condition of an improvement to real property. However, plaintiffs' claim is not based on any defective or unsafe condition of an improvement; rather, plaintiffs' claim in tort is because *Page 4 
plaintiffs are unable to make improvements to Lot 49 after purchasing the property in reliance on the 1987 provisional permit for a ground absorption sewage treatment septic system on the property. Mr. Barnett, defendant's agent, is not an architect or other individual who planned, designed or constructed a structure on plaintiffs' property. In fact, he made no actual improvement to the property. Moreover, defendants have not shown that a provisional permit constitutes an improvement to property for purposes of N.C. Gen. Stat. § 1-50(5). Thus, the Full Commission finds that, because the 1987 provisional permit was not an improvement to plaintiff's property, N.C. Gen. Stat. § 1-50(5) does not bar plaintiffs' claim.
2. Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c). Because defendant has failed to show that the present claim is barred by N.C. Gen. Stat. § 1-50(5), the Full Commission finds there to be genuine issue as to material facts that create a justiciable controversy in this matter. Defendant is not entitled to a judgment as a matter of law and, thus, summary judgment is improper and unwarranted in this matter. N.C. Gen. Stat. § 1A-1, Rule 56(c).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. The November 16, 2005 Decision and Order of Deputy Commissioner Taylor granting summary judgment to defendant in this matter was improvidently granted and is hereby VACATED. *Page 5 
2. This matter is hereby REMANDED to Chief Deputy Commissioner Stephen T. Gheen for assignment to a Deputy Commissioner for a full evidentiary hearing, including the taking of additional evidence, if necessary, regarding the plaintiffs' claim in tort.
3. Each side shall pay its own costs.
 S/____________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/______________ DIANNE C. SELLERS COMMISSIONER *Page 1